9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The NISSAN FIRE AND MARINE INSURANCE COMPANY, LTD., Plaintiff,
v.
INSTITUTE OF LONDON UNDERWRITERS, Third-Party-Defendant-Appellee,
v.
ACEVES TRUCKING COMPANY, INC., Defendant-Third-Party-Appellant.
The NISSAN FIRE AND MARINE INSURANCE COMPANY, LTD., Plaintiff-Appellee,
v.
INSTITUTE OF LONDON UNDERWRITERS, Third-Party-Defendant-Appellant,
v.
ACEVES TRUCKING COMPANY, INC., Defendant-Third-Party-Appellee.
 Nos. 92-55358, 92-55408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1993.
Decided Oct. 22, 1993.
 
 1
 Before: BROWNING, FARRIS, and KELLY,* Circuit Judges.
 
 
 2
 Memorandum*
 
 
 3
 Aceves correctly conceded it bore the burden of establishing "constant surveillance." See, e.g., Whittaker Corp. v. Allianz Underwriters, Inc., 14 Cal.Rptr.2d 659, 664 (Cal.Ct.App.1992) (insured bears burden of proving an event is within scope of coverage). We conclude Aceves failed "to make a showing sufficient to establish the existence" of "constant surveillance." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 Aceves contends "constant surveillance" was established by the undisputed fact that Jaime Cervantes, the store clerk, saw the theft and reported the incident to Aceves's president. We disagree.
 
 
 5
 While "constant surveillance" is not defined in the policy, the ambiguity of the term in the abstract does not require that it be interpreted in favor of the insured. Bank of the West v. Superior Court, 833 P.2d 545, 552 (Cal.1992). Rather, we must consider whether coverage would be consistent with the insured's objectively reasonable expectations under the circumstances and based on the policy language as a whole. Id.
 
 
 6
 As the district court interpreted the policy, the exclusionary clause provides for exceptions in the following cases (in addition to the "under constant surveillance" exception): "Such vehicle & /or trailer & /or container is garaged in a building [which is securely closed and locked] or parked in a fully enclosed yard which is securely closed and locked ... or on a guarded security lorry park." Given the context in which the "constant surveillance" exception appears, the exception requires something more than seeing and reporting a theft. The policy's exceptions to the unattended vehicle exclusion clearly reflect an intention that the vehicle was to be kept under conditions deterring theft. Thus, evidence establishing no more than that Cervantes saw and reported the theft is not alone sufficient evidence of "constant surveillance" to avoid summary judgment.
 
 
 7
 Aceves relies on the definition of "constant surveillance" in St. Paul Fire & Marine Ins. v. Federal Express Corp., 548 N.Y.S.2d 422, 425 (N.Y. City Civ.Ct.1989). Missing from the Federal Express definition, however, is the requirement implicit here that the means of "constant surveillance" adopted must be such as to deter theft. In any event, Aceves did not demonstrate "constant surveillance" as defined in Federal Express, i.e., keeping the object "under a watchful eye, from the moment it left [the shipper's] hands to the time it arrived at its destination." It is undisputed that the Aceves truck driver did not inform Cervantes of the trailer's arrival, and there is no indication Cervantes knew who was to pick up the trailer. Aceves eventually determined the trailer was missing not because there was a verifiable break in a traceable chain of authorized custody but because the insured happened to witness the theft.
 
 
 8
 Aceves's argument on appeal that there was a genuine issue of material fact regarding Cervantes's pre-theft activities comes too late. Both parties moved for summary judgment on the basis of the single undisputed fact that Cervantes saw the theft and reported it to Aceves.
 
 
 9
 Because we conclude Aceves failed to make a sufficient showing of "constant surveillance" to avoid summary judgment, we need not consider Underwriters' cross-appeal challenging the district court's interpretation of the exceptions.
 
 
 10
 The district court did not err in denying Aceves's untimely request for a continuance. Aceves could not claim surprise. Underwriters moved for summary judgment on the ground Aceves had to show something more than mere observation and reporting of the theft. Moreover, Aceves's failure to file an affidavit pursuant to Fed.R.Civ.P. 56(f) permitted entry of summary judgment "if otherwise appropriate." Carpenter v. Universal Star Shipping, 924 F.2d 1539, 1547 (9th Cir.1991).
 
 
 11
 The judgment in No. 92-55358 is AFFIRMED; the appeal in No. 92-55408 is DISMISSED as moot.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 The parties are familiar with the facts and issues presented; we will not restate them here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3